**Mynard A. JACOBSON and Mildred D.
Jacobson, husband and wife, Plain-
tiffs and Respondents,**

v.

**Edwin C. HOFFMAN and Alice C. Hoffman,
husband and wife, Defendants
and Appellants.**

**No. 14146.**

Supreme Court of Utah.

Dec. 5, 1975.

Theodore S. Perry, Logan, for defend-
ants and appellants.

Gordon J. Low, Hillyard & Gunnell, Lo-
gan, for plaintiffs and respondents.

HENRIOD, Chief Justice:

Appeal from an accounting judgment in-
cident to a land lease operation. No costs
awarded.

The farm lease, subject of this litigation,
provided, among other things: That cer-
tain cattle and equipment of the Lessors
(defendants Hoffman) were to be used
and controlled by Lessees (Jacobsons) who
were to be accountable for their return on
termination of the lease under prescribed
conditions.

One of these conditions was that the risk
of loss of any cattle was to be borne by Ja-
cobsons and, so far as possible, the herd
was to be kept at the same quality and
number level. Also, Jacobsons were "to
replace death losses and to replace cattle
culled from the base herd and sold," and
"that all livestock to be sold shall be sold
in the name of Lessors [Hoffmans] and
the money therefrom turned over to the
Lessors who *shall then adjust with the
Lessees* any payments that may be due to
the Lessors, and *deliver the remainder, if
any, to the Lessees.*" Another provision of
the lease required Jacobsons to return to
Lessors at the lease's end the same number
of cattle delivered at the beginning.

The Lessors were responsible as scrivi-
ners of the lease and subject to resolution
of doubts against themselves, and although
they claim the lease was clear and unam-
biguous in favor of their contention, the
Lessees claim the same clarity in their fa-
vor. This court does not share the claim
of clarity by either side, but visions some
degree of obscurity and necessity for ex-
planation under the highly controversial
evidence in this case.

The Lessors apparently construed the
lease to mean that they could keep the
money received on sale of any of the cattle
without accounting therefor to the Lessees,
while simultaneously insisting that Lessees
should return the same number of cattle
they had received.

The trial court apparently indulged a slightly different construction as to the letter and spirit of the document and halved the profits and losses.

■ We believe the whole tenor of the lease correctly found comfort in the findings of the trial court, on the disputed and somewhat confusing testimony, when it deposited the phraseology of the lease in the intended slot to which the court deemed it to belong,—and we affirm such conclusion.

■ Only other point on appeal was the finding of the trial court of the rental value of a concededly rather delapidated small tractor. The big battle here concerned itself with a disputed sum of $150, calculated by employing a use value of $1 per hour, placed on it by the court, which if doubled as prayed by the Lessors, hardly would have paid the postage; but since the only evidence of rental value was elicited from defendant ($2) on the basis of what he would pay, we think it was the only bit of information available and that the award should have been $300 for its rental; and it is ordered that the judgment be amended to that effect.

ELLETT, CROCKETT and TUCK-ETT, JJ., concur.

MAUGHAN, J., concurs in the result.